United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-31001
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HURPE AUGUST MILES, JR.,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
No. 5:04-CR-50028-1
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Hurpe Miles appeals the sentence following his guilty-plea conviction of conspiring to transport stolen goods in interstate commerce. He asserts that because he admitted at rearraignment to causing only $60,000 in loss, the district court's factual finding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he was responsible for $100,010 in loss violated Blakely v. Washington, 542 U.S. 296 (2004).  At sentencing, Miles conceded that he had admitted up to $90,000 in loss, so he has waived any challenge to a loss amount up to $90,000.  See United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995).  Because the guideline range for $90,000 and $100,010 is the same, no Sixth Amendment violation occurred, because the district court's factual finding did not increase the maximum sentence Miles faced.  See United States v. Booker, 543 U.S. 220, ___, 125 S. Ct. 738, 756 (2005).  Moreover, the district court's statements at sentencing indicate that any Booker error was harmless.  See United States v. Pineiro, 410 F.3d 282, 284-85 (5th Cir. 2005) (per curiam).

Miles also asserts that the district court's order that he pay restitution of $100,010 violates the Sixth Amendment.  Judicial fact-finding supporting restitution orders does not violate the Sixth Amendment.  United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005) (per curiam).  Because Miles has shown no reversible error arising at his sentencing, the judgment is AFFIRMED.